UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FIRST CHOICE ENTERPRISES, INC., A SOUTH DAKOTA CORPORATION;<br><br>Plaintiff,<br><br>vs.<br><br>CITY MAGNETS, INC., A MISSOURI CORPORATION; TOWN-LINK LLC, A MINNESOTA LIMITED LIABILITY COMPANY; TRENT SNYDER, AN INDIVIDUAL; MANNY SHELLITO, AN INDIVIDUAL; KELLY SHELLITO, AN INDIVIDUAL; VERLIN YARMER, AN INDIVIDUAL; DON HILL, AN INDIVIDUAL; CHAD RAMSEY, AN INDIVIDUAL; AND NICK THOMPSON,<br><br>Defendants. | 4:23-CV-04102-RAL<br><br><br>ORDER DENYING INDIVIDUAL DEFENDANT MANNY SHELLITO'S MOTION TO COMPEL<br><br>Docket No. 76 |

Defendant Manny Shellito, acting *pro se*, filed a motion to compel plaintiff to respond to discovery. Docket No. 76. The district judge referred that motion to this magistrate judge for determination. Docket No. 79.

Mr. Shellito's motion is very general. He does not state that he has served plaintiff with discretely identified discovery requests, what plaintiff's

responses have been to those requests, and why an order compelling further response is in order.  See Docket No. 76.  Furthermore, Mr. Shellito's motion is devoid of any mention that he has contacted plaintiff and attempted in good faith to resolve his discovery disputes.  Id.

Under the Federal Rules of Civil Procedure, a party such as Mr. Shellito may serve another party such as plaintiff with interrogatories or requests for the production of documents (or both).  See Fed. R. Civ. P. 33 & 34.  If the plaintiff refuses or fails to respond to those discovery requests, or if the requests are believed to be incomplete, the party seeking the discovery may file a motion to compel.  See Fed. R. Civ. P. 37.

However, before a discovery motion may be filed under Rule 37, the moving party must first contact the party from whom the discovery is requested and attempt in good faith to resolve the dispute.  See Fed. R. Civ. P. 37(a)(1).  This requirement that the parties meet and confer is also a prerequisite under this district's local rules.  See DSD LR 37.1.  Furthermore, if a party files a discovery motion in this district, our local rules require that the moving party provide to the court any portions of discovery materials necessary for the disposition of any motion (with relevant portions highlighted or underlined).  DSD LR 26.1.  These disputed discovery requests and responses must be filed along with that party's discovery motion.  Id.

Here, Mr. Shellito does not state that he filed any particular discovery requests upon plaintiff such as interrogatories or requests for documents.  If those requests were served on plaintiff, Mr. Shellito has not provided copies of

the documents, plaintiff's responses, and an explanation of why those responses are inadequate or incomplete such that an order under Rule 37 is warranted. Finally, every party who wishes to file a discovery motion must first meet with the party from whom the discovery is sought and try in good faith to work out a compromise. No discovery motion will be entertained by the court without this meet-and-conferral taking place first. The moving party must file a certification with his discovery motion that he has satisfied this meet-and-confer requirement. As stated above, Mr. Shellito's motion does not contain any evidence that he met this prerequisite to filing a discovery motion.

Because Mr. Shellito's motion to compel does not comply with the Federal Rules of Civil Procedure or this court's local rules, it is hereby

ORDERED that Manny Shellito's motion to compel [Docket No. 76] is denied without prejudice. After studying the requirements of the Federal Rules of Civil Procedure and this court's local rules, and conforming his conduct to the requirements of those rules, Mr. Shellito may revisit this motion at a later date if he so chooses.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained. FED. R. CIV. P. 6(b)(1), 72(a). Failure to file timely objections will result in the waiver of the right to appeal this ruling. United States v.

Becerra, 73 F.4th 966, 972-73 (8th Cir. 2023). Objections must be specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990).

DATED this 1st day of October, 2025.

BY THE COURT:

_VERONICA L. DUFFY_
VERONICA L. DUFFY
United States Magistrate Judge