UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FIRST CHOICE ENTERPRISES, INC., A SOUTH DAKOTA CORPORATION;<br><br>Plaintiff,<br><br>vs.<br><br>TOWN-LINK LLC, A MINNESOTA LIMITED LIABILITY COMPANY; AND MANNY SHELLITO, AN INDIVIDUAL;<br><br>Defendants,<br><br>MANNY SHELLITO;<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>FIRST CHOICE ENTERPRISES, INC., A SOUTH DAKOTA CORPORATION; JEFF OLSON; CORY RAMSEY; AND JED LINDSTROM;<br><br>Counterclaim Defendants. | 4:23-CV-04102-RAL<br><br><br>OPINION AND ORDER ON PENDING MOTIONS RELATED TO TOWN-LINK LLC |

Plaintiff First Choice Enterprises, Inc., d/b/a J&J Magnet (J&J Magnet) filed a Motion for Default Judgment against Defendant Town-Link LLC (Town-Link), Doc. 83. J&J Magnet seeks both default judgment against Town-Link on its claims under the Lanham Act and for tortious interference under South Dakota law, and a permanent injunction barring Town-Link or its

1

representatives from engaging in conduct which J&J Magnet alleges violated the Lanham Act and tortiously interfered with its business. Town-Link is a now defunct and administratively dissolved LLC, but a former managing member, Nicholas Thompson, has moved pro se to set aside entry of default and opposes J&J Magnet's motion for default judgment. Doc. 89. Because J&J Magnet filed an Amended Complaint after the Clerk of Court entered default against Town-Link under Federal Rule of Civil Procedure 55(a) and did not serve that Amended Complaint with additional Count III on Town-Link within the time frame as required by Federal Rule of Civil Procedure 4, this Court declines at this time to award J&J Magnet default judgment.[1] But Town-Link cannot appear pro se through Thompson and J&J Magnet may seek entry of default and default judgment after serving Town-Link if there is no appearance of counsel and answer for Town-Link.

## I.    Factual Allegations in Amended Complaint[2]

In October 2022, J&J Magnet purchased a direct mail magnetic advertising business from C&C Magnet. Doc. 33 at 2. J&J Magnet sells space on magnetic advertisements and then mails the magnets to individuals living in a specific market. Id. at 3. Businesses that purchase space on the magnets are called "sponsors." Id. Recipients of the magnets can place the magnets on various surfaces—for example, a refrigerator door—displaying each of the sponsors' business information. Id. J&J Magnet's primary means of selling space on the magnets is through direct in-person sales by its sales representatives in each market. Id. J&J Magnet's markets consist of "a single town, multiple towns, a single county, or multiple counties, depending on population density and demand." Id. at 4. Once all the space on a magnet for a specific market is occupied,

---

[1] This Court separately will address the pending motion of J&J Magnet for judgment on the pleadings or summary judgment on Manny Shellito's counterclaim.
[2] This Opinion and Order makes no findings of fact but recites the well-pleaded facts in the Amended Complaint.

2

the magnets are mailed out and J&J Magnet does not sell additional advertising space in that market until the renewal date, which is typically two years later. Id. J&J Magnet is a South Dakota corporation based out of Platte, South Dakota, and does business in several states including South Dakota, North Dakota, Minnesota, Iowa, Missouri, Kansas, Nebraska, Colorado, and Wyoming. Id. at 1, 4.

Like J&J Magnet, now-dismissed Defendant City Magnets, Inc. ("City Magnet") is a direct mail magnetic advertising business, operating in several states including South Dakota. Id. at 4. City Magnet partnered with Town-Link, another direct mail magnetic advertising business operating in South Dakota, to produce Town-Link's magnets and manage Town-Link's invoicing. Id. at 5. Defendant Manny Shellito and other named but now-dismissed "Individual Defendants" worked for City Magnet. Id. at 8.

According to the Amended Complaint, J&J Magnet, after its purchase of C&C Magnet, discovered "a continued pattern and practice of misrepresentations and deceptive business practices made by agents and affiliates of City Magnet and/or Town Link including the Individual Defendants occurring in numerous markets." Id. at 6. The "pattern and practice" generally took one of two forms. Id. First, a City Magnet or Town-Link sales representative would falsely tell a potential sponsor that C&C Magnet went out of business and that J&J Magnet is either out of the market or incapable of fulfilling an order, so that potential sponsors would purchase advertising space from City Magnet and Town-Link rather than from J&J Magnet. Id. Second, a City Magnet or Town-Link sales representative deceived potential sponsors into believing that the sales representative works for C&C Magnet or a C&C Magnet successor. Id. at 7. For example, City Magnet and Town-Link sales representatives would bring old magnets produced by C&C Magnets with them when meeting with potential sponsors, giving the false impression that the sales

3

representatives were with C&C Magnet or J&J Magnet. Id. Some contracts between City Magnet and former sponsors of C&C Magnet contained the order description "same as old magnet." Id. In other contracts, the City Magnet or Town-Link sales representative included the same four-digit magnet number listed at the bottom left corner of magnets produced by J&J Magnet, suggesting the sponsor was just renewing their previous purchase from J&J Magnet. Id. In another instance, Shellito contacted by email a potential sponsor in Pine City, Minnesota, and included an old magnet produced by C&C Magnet with the C&C Magnet insignia whited out. Id. at 8-9. Shellito falsely claimed in a letter that he was with the "original magnet company (City Magnet)." Id. at 9. The potential sponsor ultimately declined to renew with J&J Magnet due to the confusion between the companies. Id.

These tactics confused and misled sponsors. Id. at 8. As a result, J&J Magnet either lost a potential sponsor or retained a sponsor only after offering a discounted rate. Id. Each of the Individual Defendants, including Shellito, participated in the conduct at the direction of City Magnet and Town-Link. Id. at 9. In addition to a pattern and practice of misleading potential sponsors, City Magnet and Town-Link sales representatives harassed J&J Magnet employees. Id. For example, an agent of City Magnet and Town-Link displayed a poster in Laurel, Nebraska, disparaging three J&J Magnet representatives. Id.

In June 2023, J&J Magnet sued City Magnet and Town-Link for unfair competition under 15 U.S.C. § 1125(a) (Lanham Act § 43(a)) and South Dakota law (Counts 1 and 5), false advertising under 15 U.S.C. § 1125(a) (Lanham Act § 43(a)) (Count 2), tortious inference under South Dakota law (Count 3), deceptive trade practices under S.D.C.L. § 37-24-6(1) (Count 4), and civil conspiracy (Count 6). Doc. 1 ¶¶ 52–84. Town-Link was served with the Summons and Complaint, Doc. 1, on July 20, 2023. Doc. 21 ¶ 3. Town-Link did not file a Notice of Appearance

4

in the case, and after Town-Link failed to plead or otherwise defend, J&J Magnet moved for Entry of Default against Town-Link under Rule 55(a). Docs. 20, 21, 22. On September 11, 2023, the Clerk of Court filed an Entry of Default as to Town-Link and attempted to mail a copy to Town-Link. Doc. 23. The mail sent to Town-Link was returned as undeliverable, however, so the Clerk of Court sent the Entry of Default to P.O. Box 109, Sauk Centre, MN 56378, an address found on the internet. Doc. 26.

J&J Magnet then filed its First Amended Complaint in March 2024, adding Shellito and the other Individual Defendants, Doc. 33. The First Amended Complaint alleges claims for unfair competition and false advertising under 15 U.S.C. § 1125(a) (Counts 1 and 2), induced/contributory infringement (Count 3), tortious interference (Count 4), deceptive trade practices under S.D.C.L. § 37-24-6(1) (Count 5), unfair competition (Count 6), and civil conspiracy (Count 7). Id. J&J Magnet requested summons for the newly named Defendants, see Doc. 37, but J&J Magnet did not serve Town-Link with the Amended Complaint.

J&J Magnet and all other Defendants, apart from Manny Shellito and Town-Link, reached a settlement, and on October 6, 2025, this Court dismissed with prejudice all claims in this case, other than those by and against Town-Link and Manny Shellito. Doc. 82. A few months later, J&J Magnet filed the pending motion for default judgment against Town-Link on January 9, 2026, which included a certificate of service noting that the motion had been mailed to P.O. Box 109, Sauk Centre, MN 56378, the same address where the Clerk of Court had sent the Entry of Default. Doc. 83; see also Doc. 26. On January 26, 2026, the former managing member of Town-Link, Nicholas Thompson, filed a pro se motion on behalf of Town-Link opposing J&J Magnet's motion for default judgment and seeking to set aside the Entry of Default. Doc. 89.

## II.    Discussion

### A.  Town-Link's Pro Se Filings

In federal court, corporations, including limited liability companies like Town-Link, must be represented by counsel and may not proceed pro se. Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996); Supreme Pro Clean LLC v. Lowry, No. CIV. 16-5117, 2017 WL 3209450, at *2 (D.S.D. Feb. 14, 2017) ("The rule requiring corporations to be represented by an attorney applies to limited liability companies." (cleaned up and citation omitted)). "While 28 U.S.C. § 1654 protects parties rights to plead and conduct their own cases, that right has never been interpreted to allow an individual to appear for a corporation pro se." Carr Enters., Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983) (per curiam).

A non-lawyer who seeks to represent the interests of a corporation or a limited liability company "constitutes the unauthorized practice of law and results in a nullity." Supreme Pro Clean LLC, 2017 WL 3209450, at *2 (citation omitted). Therefore, a court may permissibly disregard a motion filed pro se on behalf of a limited liability company. Heritage Home for Funerals, Inc. v. Heritage Cremation Provider, LLC, No. 4:17-CV-04086, 2019 WL 1981047, at *5 (D.S.D. May 3, 2019) (citing Myers v. Oury, No. 12-CV-5072, 2014 WL 2458447, at *2 (D.S.D. June 2, 2014) (disregarding two entries as they pertained to two corporate defendants because the entries were signed and filed by an individual who was not a licensed lawyer); United States v. Lylalele, Inc., 221 F.3d 1345, at * 1 (8th Cir. 2000) (unpublished table opinion) (affirming the district court's decision to strike pleadings filed pro se on behalf of a corporation and a trust because those entities cannot appear in federal court without legal representation)). Thompson's status as Town-Link's former managing member "[a]ppearing pro se for limited purposes" does not circumvent this

requirement. See Doc. 89 at 2. Thompson cannot represent Town-Link as a pro se litigant, and this Court may properly disregard Thompson's motion filed on behalf of Town-Link.

## B. J&J Magnet's Motion for Default Judgment

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) (quoting Fed. R. Civ. P. 55(a)). After having the clerk enter default judgment, if a plaintiff's claim is not for a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b); see also First Bank & Tr. v. Greene Enter., LLC, No. CIV. 13-4017, 2014 WL 3732016, at *1 (D.S.D. July 25, 2014) (noting that Rule 55 "requires two steps before entry of a default judgment: 'first, . . . the party seeking a default judgment must have the clerk enter the default by submitting the required proof . . . ; second, . . . the moving party may seek entry of judgment on the default'" (citation omitted)). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." Inman v. Am. Home Furniture Placement, Inc., 120 F.3d 117, 118 n. 2 (8th Cir. 1997); see also Adams v. City of Lincoln, No. 21-1862, 2021 WL 5356287, at *1 (8th Cir. Nov. 17, 2021) (per curiam).

The decision whether to grant default judgment is within the discretion of this Court. See Ackra Direct Mktg. Corp., 86 F.3d at 856. "After default has been entered, the defendant is deemed to have admitted all well pleaded factual allegations in the complaint." First Bank & Tr., 2014 WL 3732016, at *2 (citing Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988); Fed. R. Civ. P. 8(b)(6)). Before a court enters default judgment, it must be satisfied that "the unchallenged facts constitute a legitimate cause of action." Murray v. Lene, 595 F.3d 868,

7

871 (8th Cir. 2010) (citation omitted). In this circuit, "the entry of default judgment is appropriate when a party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" Priority Recs., LLC v. Flute, No. 06-4090, 2007 WL 1239244, at *2 (D.S.D. Apr. 26, 2007) (quoting Ackra Direct Mktg Corp., 86 F.3d at 855).

The Clerk of Court entered default in this case under Rule 55(a), which completed the first step in the process towards default judgment on the original complaint. Doc. 23. However, following the Clerk's Entry of Default against Town-Link, Doc. 23, J&J Magnet filed an Amended Complaint, Doc. 33. There cannot be two operative complaints governing a case: "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000). Therefore, "[f]or the sake of clarity of the record and to avoid confusion to the parties, the rule must be that a Clerk's default that refers to a defunct, superceded complaint must be moot." Alfa Vision Ins. Corp. v. Lopez, No. 5:17-CV-05201, 2019 WL 1150507, at *2 (W.D. Ark. Mar. 13, 2019) (citing Allstate Ins. Co. v. Yadgarov, No. 11-CV-6187, 2014 WL 860019, at *12 (E.D.N.Y. March 5, 2014) (explaining why "multiple operative pleadings in the same action, especially with multiple defendants, can be a recipe for procedural confusion")); Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co., Inc., No. 4:08-cv-1947, 2009 WL 2916841, at *1 n.1 (E.D. Mo. Sept. 4, 2009) (discussing cases from multiple jurisdictions that found that a clerk's entry of default was rendered moot upon the filing of an amended complaint).

Although this Court may find it proper to order the Clerk to enter default on an amended complaint where the default was previously entered and the defendant continues to be in default, Alfa Vision Ins. Corp., 2019 WL 1150507, at *2, the Amended Complaint in this case poses an additional challenge for J&J Magnet's motion for default judgment. In its motion for default

judgment, J&J Magnet asserts that the Amended Complaint only added certain individuals as defendants under the same operative facts and did not add any new claims against Town-Link. Doc. 84 at 7 n.1.   But the Amended Complaint *did* add one claim against Town-Link for Induced/Contributory Infringement (Count III).   See Doc. 33 at 12.   This Court recognized the newly-added claim against Town-Link in its November 2024 Opinion and Order denying in part and granting in part Shellito's Motion to Dismiss:

> Here, J&J Magnet has not alleged Shellito induced another to infringe on J&J Magnet's marks.   Rather, J&J Magnet has alleged that City Magnet and *Town Link induced the Individual Defendants to infringe on J&J Magnet's marks*.   Doc. 33 at 12.   Thus, to the extent J&J Magnet alleges in Count III of the Amended Complaint Shellito is liable under contributory infringement, that portion of the claim must be dismissed.

Doc. 57 at 12 (emphasis added); see also id. at 11 ("The Amended Complaint leaves it unclear whether J&J Magnet is alleging all defendants, including Individual Defendants, are liable under a theory of contributory infringement or just City Magnet and Town Link for inducing the Individual Defendants to engage in infringement.").

Under Federal Rule of Civil Procedure 5(a)(2), "[n]o service is required on a party who is in default for failing to appear.   But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." "The service provisions of Rule 5 apply only to parties who have appeared . . . . [I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4." 4B Wright & Miller's Federal Practice and Procedure § 1146 (4th ed. 2026); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1368–69 (11th Cir. 1982) (concluding that service of the amended complaint was required even though the appellant was in default for failure to appear); Campbell v. Bennett, 47 F.4th 1362, 1366 (11th Cir. 2022) (reviewing that "under Rule 5, service of an amended complaint on a defaulted party is required if it contains a

new claim for relief of which the defendant would not be on notice of via the allegations in the original complaint or the statues charged therein").

In Varnes, where the district court had awarded default judgment to the plaintiff, the plaintiff-appellee sought to avoid the consequences of failure to serve the amended complaint by arguing in part that she did not seek to prove the additional claim in the subsequent motion for default judgment. 674 F.2d at 1369–70. The Eleventh Circuit rejected this argument: "[t]he concern of Rules 4 and 5(a) is notice to the defendant of claims for relief . . . . The defendant is entitled to make these strategy decisions following notice of the new or additional claim for relief, irrespective of whether upon hindsight plaintiff has actively pursued that claim." Id. at 1369. Therefore, Rules 4 and 5(a) "requiring personal service of pleadings asserting new or additional claims for relief on parties in default for failure to appear" do not contain an "exception where the amending party does not actively seek the additional claim or where a court does not grant the requested relief." Id. at 1369–70. See also AirDoctor, LLC v. Xiamen Qichuang Trade Co., 134 F.4th 552, 557 (9th Cir. 2025) (per curiam) (Berzon, J., concurring) (highlighting the "notice-related justification" for Rule 5(a)(2)).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The plaintiff bears the burden to establish good cause. Fed. R. Civ. P. 4(m). Under Rule 4(m), if the "court concludes there is good cause for plaintiff's failure to serve within [90] days, it *shall* extend the time for service," but "[i]f plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." Adams v.

10

AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996) (alteration added to reflect amendment).

J&J Magnet in its motion for default judgment overlooked that it had added a count against Town-Link in the Amended Complaint. See Doc. 84 at 7 n.1. Even though Town-Link was in default for failing to appear and J&J Magnet seeks default judgment only on claims in the original complaint, J&J Magnet was still required to serve Town-Link with the Amended Complaint under Rule 5(a)(2). More than 90 days have passed since the filing of the Amended Complaint on March 28, 2024. As of the date of this Opinion and Order, there is no indication on the docket that J&J Magnet has ever served Town-Link with the Amended Complaint. When J&J Magnet filed the Amended Complaint in March 2024, Town-Link was still active, and remained active for the next nine months before being administratively terminated at the beginning of January 2025. See Town-Link Limited Liability Company, Off. Of the Minn. Sec'y of State (last visited May 1, 2026), https://mblsportal.sos.mn.gov/Business/SearchDetails?filingGuid=9fbebb44-0396-e911-9175-00155d01b32c (listing renewal due date as December 31, 2024, and administrative termination date as January 14, 2025); Fed. R. Evid. 201(b)(2), (c)(1); Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008) (district court did not err in taking judicial notice of financing statements filed with the Minnesota Secretary of State). At the time of the filing of the Amended Complaint, J&J Magnet could still have served Town-Link as it did when it filed its first complaint. See Doc. 8.

However, Town-Link had a role in this procedural quagmire. Town-Link was administratively terminated after service of the initial complaint and does not appear to have compiled with Minnesota state law to wind up its activities and "discharge the company's debts, obligations, or other liabilities, settle and close the company's activities, and marshal and distribute

11

the assets of the company" as it did not attempt to defend itself in this case. Minn. Stat. § 322C.0702. In response to J&J Magnet's mailing of the motion for default judgment, Nicholas Thompson attempted to defend Town-Link pro se, which he cannot do. See Doc. 89. Thompson says he was the managing member of Town-Link and has demonstrated an interest in defending Town-Link's interests in this case.

For the reasons stated above, this Court finds good cause exists to extend the time for service, and J&J Magnet may serve Nicholas Thompson as former managing member for Town-Link. See Fed. R. Civ. P. 4(m). If Town-Link fails to respond or answer to the Amended Complaint, J&J Magnet may seek Clerk's default and then move for default judgment on the Amended Complaint. See Allied World Ins. Co. v. CMM Mech., LLC, No. 4:17-CV-00835, 2022 WL 831878, at *2 (E.D. Ark. Feb. 25, 2022).

## III.    Conclusion

For the foregoing reasons, it is hereby

ORDERED that J&J Magnet must serve the Amended Complaint upon Nicholas Thompson as former managing member for Town-Link LLC within 21 days. It is further

ORDERED that Plaintiff's Motion for Default Judgment and Permanent Injunction Against Town-Link, LLC, Doc. 83, is denied without prejudice to refiling if Town-Link does not timely answer once served with the Amended Complaint. It is further

ORDERED that Defendant Town-Link's Motion to Set Aside Default and Response in Opposition to Plaintiff's Motion, Doc. 89, is denied as improper without prejudice to refiling through an attorney retained by Town-Link. It is finally

12

ORDERED that Town-Link, as a limited liability company, is currently unrepresented in this action. If Town-Link seeks to defend, it must retain the services of any attorney licensed to practice before this Court. Town-Link cannot appear pro se.

DATED this _6th_ day of May, 2026.

BY THE COURT:

_____

ROBERTO A. LANGE
CHIEF JUDGE

13